## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Ann M. Pickett, Adm'x, etc.

v.

Norfolk and Western Ry. Co. et al.

February 4, 1991

Case No. L-90-869

**By JUDGE RICHARD S. BRAY**

This matter is now before the Court on motion of defendants Star Enterprise (Star), Tyrone Wisher (Wisher), and C. E. Nix and Sons, Inc. (Nix) for a severance at trial from plaintiff's claim against the remaining defendant, Norfolk and Western Railway Company. The Court has carefully reviewed and considered the arguments and memoranda of counsel, including the cited authorities and is satisfied that plaintiff is not precluded from joining her claims against all defendants in a single action. The issue of severance, however, remains within the discretion of the trial judge.

While it is apparent that this action involves different legal relationships, duties, liabilities, and standards of care, presumably a properly instructed jury would be competent to resolve this and any complex litigation. Nevertheless, circumstances sometimes arise which require the Court to intervene in routine trial procedures to safeguard the parties from a confused, biased, or otherwise errant jury.

Doubtless, plaintiff's evidence in its FELA claim against Norfolk and Western will detail, perhaps graphically, decedent's fatal injuries, with attendant pain and suffering. Although such evidence is inadmissible against defendants Star, Wisher, and Nix, it would be unrealistic

to expect a jury, however artfully instructed, to consider such compelling evidence relative to the same accident in assessing one claim while at once ignoring such proofs with respect to other defendants.

Thus, to provide all parties with a fair, objective, and dispassionate forum, this Court is convinced that it must insulate defendants Star, Wisher, and Nix from any dramatic and possibly inflammatory evidence, inadmissible with regard to such defendants, and sustains the severance motions. This ruling, however, applies only to trial, and discovery may proceed jointly against all defendants, absent further order of the Court.